James H. Boomer, J.
The complaint in this automobile negligence action alleges that the plaintiff received personal injuries resulting from the negligence of the defendants. Defendant Faulhaber, driver of one of the vehicles, moves to amend his answer to assert a cross claim against the codefendants, Sherman, the driver, and Northern Propane Corp., the owner, of another vehicle involved in the collision. The cross claim in the proposed amended answer seeks as relief, if judgments are rendered against the defendant Faulhaber as well as the codefendants Sherman and Northern Propane Corp., that the defendant Faulhaber “be given judgment over against Northern Propane Corp. and Rex Gerald Sherman for a portion of the damages according to the relative responsibility of the parties.”
The recent decision of the Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143) has drastically changed the law of indemnity and contribution between parties whose negligence has contributed to a plaintiff’s injuries. In Dole (supra, pp. 148-149): “ The conclusion reached is that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party.” In opposing the motion to amend, the codefendants Northern Propane Corp. and Sherman seize upon the words “ third party ” and “ prime defendant against the third party” and contend that the new rule of apportionment applies only between a third-party plaintiff and a third-party defendant and not between codefendants named in the complaint.
*144 In Dole (supra) the Court of Appeals passed upon the sufficiency of a third-party complaint, but there is no reason to restrict the court’s holding to an impleader situation; the same considerations of ‘ ‘ basic fairness ’ ’ are involved in the determination of cross claims between codefendants. The Court of Appeals found the relief provided by statute for contribution between joint tort-feasors (CPLR 1401) to be inadequate since it depends ‘ ‘ largely on the willingness or ability of the injured party to sue more than one of those responsible for his damage.” (Dole v. Dow Chem. Co., 30 N Y 2d 143, 148.) It would be incongruous, therefore, to interpret the Dole holding to mean that a defendant may, by a third-party complaint, compel more than equal contribution from a person whose more culpable negligence contributed to the plaintiffs’ injuries, but only equal contribution from such a person already joined in the action by the injured party. In either case, the right to apportionment of liability “ as among parties involved together in causing damage by negligence, should rest on relative responsibility and to be determined on the facts.” (Dole v. Dow Chem. Co., supra, p. 153.)
The motion for leave to serve an amended answer is granted.